JUDGE PRESKA

25 CV 05294

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendants. | **CIVIL ACTION NO.**<br><br>**COMPLAINT** |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Milwaukee Tool** | Milwaukee Electric Tool Corporation |
| **Defendants** | See Schedule A (SEALED) |
| **Complaint** | Plaintiff's Complaint |
| **Asserted Trademarks or MILWAUKEE Trademarks** | U.S. Reg. Nos. 5071525, 5735630, 5735631, 5735629, 5645535, 5645537, 5845616, 4985101, 4861744, 5645536, 5735632, 3159722, 5883116, 5735633, 5117238, 4251303, 4649514, 4400602, 4203255, 4207146, 4407484, 4203258, 4203259, 4580441, 4400601, 4203253, 1489877, 0917618, 5085220, 5085222, 5318403, 5085184, 5085223, 5203577, 5117290, 4534864, 6369616, 5085240, 6011155, 5203630, 6458664, 3772366, 5894915, 1739475, 3908609, 5085201, 5085219, 2624843, 6175446, 6875788, 6701417, 6701418, 6694515, 6984079, 4849244 and 6269364. |

Plaintiff Milwaukee Electric Tool Corporation ("Milwaukee Tool" or "Plaintiff") brings this action against Defendants. In support of this Complaint, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq. and pursuant to 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2.      This Court has jurisdiction over the claims in this action that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, as Defendants directly target consumers in the United States, including in New York and in this District, through acts of counterfeiting and trademark infringement, as described herein.

4.      Specifically, Defendants, under the cover of aliases, operate Internet enterprises, online marketplaces, profiles, stores and/or accounts (collectively, "Defendant Internet Stores"), through which Defendants use counterfeit or infringing versions of Plaintiff's trademarks to sell infringing products to consumers in New York and in this District. Schedule A (SEALED) identifies the aliases Defendant's use ("Defendant Aliases") and URLs associated with each Defendant Internet Store.

5.      Defendants have targeted and sought sales from New York residents by operating online stores that offer infringing products and shipping to the United States, including to addresses in New York and in this District in exchange for payments in U.S. dollars.

-1-

**PLAINTIFF**

6.      Plaintiff develops, manufactures and markets power tools. For over 90 years, Milwaukee Tool has led the industry in developing innovative solutions that deliver increased productivity and unmatched durability for professional construction users. Plaintiff is the official source of Milwaukee Tool products:



https://www.milwaukeetool.com/

7.      Since 1924, the MILWAUKEE mark is and has been the subject of substantial and continuous marketing and promotion by Plaintiff. Plaintiff has and continues to widely market and promote the MILWAUKEE mark in the industry and to consumers. Plaintiff's promotional efforts include — by way of example, but not limitation — website and social media sites, and point of sale materials.

8.      Plaintiff is the owner in the U.S. of all intellectual property for Milwaukee Tool products, including registered trademarks for the MILWAUKEE brand. Plaintiff's trademarks include those covered by U.S. Trademark Registration Nos. U.S. Reg. Nos. 5071525, 5735630, 5735631, 5735629, 5645535, 5645537, 5845616, 4985101, 4861744, 5645536, 5735632, 3159722, 5883116, 5735633, 5117238, 4251303, 4649514, 4400602, 4203255, 4207146, 4407484, 4203258, 4203259, 4580441, 4400601, 4203253, 1489877, 0917618, 5085220,

-2-

5085222, 5318403, 5085184, 5085223, 5203577, 5117290, 4534864, 6369616, 5085240, 6011155, 5203630, 6458664, 3772366, 5894915, 1739475, 3908609, 5085201, 5085219, 2624843, 6175446, 6875788, 6701417, 6701418, 6694515, 6984079, 4849244 and 6269364 (collectively, the "MILWAUKEE Trademarks" or "Asserted Trademarks")).

9.     The above registrations are valid, subsisting, and in full force and effect. True and correct copies of federal trademark registration certificates for the Asserted Trademarks are attached hereto as Ex. 1.

10.     The MILWAUKEE Trademarks are distinctive and identify the merchandise as goods from Plaintiff.

11.     The registrations for the MILWAUKEE Trademarks constitute prima facie evidence of the validity thereof and of Plaintiff's exclusive right to use the MILWAUKEE Trademarks pursuant to 15 U.S.C. § 1057(b).

12.     The MILWAUKEE Trademarks include famous marks, as that term is used in 15 U.S.C. §1125(c)(1), and have been continuously used and never abandoned.

13.     In the past, Plaintiff has been able to police its marks against identifiable infringers and counterfeiters using conventional policing actions, such as takedown procedures offered by online marketplaces. However, the rise of online retailing, coupled with the ability of eCommerce sellers to hide their identities, has led to an endless game of whack-a-mole against mass piracy caused by the swarm of infringers. The aggregated effect of the mass counterfeiting that is taking place has overwhelmed Plaintiff and its ability to police its rights against the hundreds of anonymous defendants selling illegal counterfeits at prices substantially below an original.

## DEFENDANTS

14.    Defendants are individuals and business entities who, on information and belief, reside outside the United States. Defendants conduct business throughout the United States, including within New York and in this District, through the operation of online enterprises such as the Defendant Internet Stores.

15.    Tactics used by Defendants to conceal their identities and the full scope of their infringing operations and relatedness make it virtually impossible for Plaintiff to learn Defendants' true identities and the nature of any interworking of their counterfeit network.

## THE DEFENDANTS' UNLAWFUL CONDUCT

16.    Plaintiff has identified numerous marketplace profiles associated with the Defendant Internet Stores on third-party platforms, such as Amazon or Walmart.com. Defendants use the Defendant Aliases and the Defendant Internet Stores to advertise, offer for sale, sell, and import Infringing Products to consumers in this District and throughout the United States.

17.    According to an intellectual property rights seizures statistics report issued by U.S. Customs and Border Protection ("CBP"), the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2021 was over $3.3 billion, an increase of 152% over the previous Fiscal Year. See, Exhibit 2 (Intellectual Property Rights Seizure Statistics, Fiscal Year 2021), p. 5.

18.    CBP reports that the vast majority of its intellectual property seizures correspond to smaller international mail and express shipments, such as those used by Defendants. *See*, Exhibit 2 at p. 37. CPB also reports that "[t]rade in counterfeit and pirated goods threatens America's innovation economy, the competitiveness of our businesses, the livelihoods of U.S. workers, and, in some cases, national security and the health and safety of consumers." Exhibit 3, p. 1.

-4-

-5-

19.    The Department of Homeland Security ("DHS") has reported that commonly owned and/or interrelated enterprises have many online marketplace profiles that appear unrelated:

> Platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, nor to link one seller profile to other profiles owned by that same business, or by related businesses and owners. In addition, the party that appears as the seller on the invoice and the business or profile that appears on the platform to be the seller, may not always be the same. This lack of transparency allows one business to have many different profiles that can appear unrelated.

Exhibit 4, p. 39 (Combating Trafficking in Counterfeit and Pirated Goods).

20.    Defendants go to great lengths to operate anonymously and often use multiple Defendant Aliases to register and operate their networks of Defendant Internet Stores.

21.    Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some or all of the Defendant Internet Stores use substantially identical or equivalent language and/or imagery to sell Infringing Products.

22.    In addition, the Infringing Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief, certain Defendants are interrelated.

23.    E-commerce store operators, like Defendants, communicate with each other and regularly participate in and/or access websites, such as sellerdefense.cn, to aid in engaging in tactics to avoid detection and/or judgment in pending litigation.

24.    Many of the Defendants' storefronts include other notable common features, including common payment methods, lack of contact information, identically or similarly-appearing products, identical or similarly priced items and volume sales discounts, and the use of similar text

and/or images. For some Defendants, these commonalities suggest potential common ownership or coordination.

25.     Moreover, each Defendant unfairly benefits from anonymously operating in the midst of a swarm of dozens of other infringers, each individually, and all collectively, violating Plaintiff's registered trademarks with impunity through misuse of e-commerce platforms and marketplaces. These circumstances indicate that Defendants' infringing actions arise out of the same transaction or occurrence, or series of transactions or occurrences. Further, the Defendants' infringement of Plaintiff's trademark rights implicates common questions of law and fact.

26.     Defendants' unauthorized use and counterfeiting of the Asserted Trademarks in connection with the advertising, distribution, offering for sale, and sale of Infringing Products, including the sale of Infringing Products into New York, is likely to cause and has caused confusion, mistake, and deception by and among consumers and has irreparably harmed Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

27.     Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

28.     Plaintiff is the exclusive owner of the Asserted Trademarks. The Registrations for the Asserted Trademarks are in full force and effect.

29.     The marks used by Defendants in their promotion, advertising, marketing, offers for sale, and sale of the Infringing Products are identical with, or substantially indistinguishable from, the registered Asserted Trademarks.

30.     Defendants have engaged in unauthorized uses in commerce of counterfeit imitations of the registered Asserted Trademarks in connection with the sales, offers for sale, distribution, and/or advertising of infringing goods.

31.     The Asserted Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products provided under the Asserted Trademarks.

32.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the Asserted Trademarks without Plaintiff's authorization or permission.

33.     Upon information and belief, Defendants have knowledge of Plaintiff's rights in the Asserted Trademarks, and are willfully infringing and intentionally using counterfeits of the Asserted Trademarks despite such knowledge.

34.     Defendants' willful, intentional and unauthorized use of the Asserted Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

35.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Asserted Trademarks.

37.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Infringing Products.

## COUNT II
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

38.     Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

39. Defendants' promotion, advertising, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Infringing Products by Plaintiff.

40. By using the Asserted Trademarks in connection with the sale of Infringing Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

41. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

42. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
## DILUTION (15 U.S.C. § 1125(C))

43. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

44. The MILWAUKEE Trademarks are distinctive, federally registered trademarks.

45. As a result of Milwaukee Tool's extensive and exclusive use of the MILWAUKEE Trademarks in connection with its products, the MILWAUKEE Trademarks have become famous and are widely recognized among the consuming public as a designation of source of Milwaukee Tool's goods.

46. The MILWAUKEE Trademarks became famous long before Defendant's infringing activities commenced.

47. Defendant's commercial use of marks identical and/or highly and/or confusingly similar to the MILWAUKEE Trademarks for goods that are not manufactured or controlled by, affiliated with, or sponsored by Milwaukee Tool has diluted and is continuing to dilute the distinctive quality of the MILWAUKEE Trademarks by lessening the capacity of those marks to exclusively identify and distinguish Milwaukee Tool and its goods, and by tarnishing them through association with Defendant's goods, which are of poor quality and workmanship.

48. Upon information and belief, the foregoing acts were done willfully and deliberately and with an intent to dilute the distinctiveness of the MILWAUKEE Trademarks in violation of the Lanham Act, 15 U.S.C. § 1125(c).

49. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Milwaukee Tool to sustain irreparable damage, loss, and injury.

50. Milwaukee Tool has no adequate remedy at law.

**COUNT IV**
**COMMON LAW TRADEMARK INFRINGEMENT**

51. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

52. Milwaukee Tool owns all right, title, and interest in and to the MILWAUKEE Trademarks as aforesaid, including all common law rights in such marks.

53. The MILWAUKEE Trademarks are distinctive and of incalculable value, and are associated in the public mind with Milwaukee Tool and goods and services of the highest quality.

54. Without Milwaukee Tool's authorization or license and, upon information and belief, with knowledge of Milwaukee Tool's prior rights in the MILWAUKEE Trademarks, Defendant manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported

counterfeit and infringing products under and/or bearing the MILWAUKEE Trademarks or marks highly and/or confusingly similar to the MILWAUKEE Trademarks intentionally and in bad faith.

55.    Defendant's intentional and willful conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and Milwaukee Tool, and/or as to Milwaukee Tool's sponsorship or approval of Defendant's goods, services, and/or commercial activities.

56.    Defendant's aforesaid conduct constitutes common law trademark infringement under New York common law.

57.    Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Milwaukee Tool to sustain irreparable damage, loss, and injury.

58.    Milwaukee Tool has no adequate remedy at law.

## COUNT V
## NEW YORK UNFAIR COMPETITION

59.    Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint

60.    Milwaukee Tool owns all right, title, and interest in and to the MILWAUKEE Trademarks as aforesaid, including all common law rights in such marks.

61.    Defendant has unfairly competed, and is unfairly competing, with Milwaukee Tool by using the MILWAUKEE Trademarks, or marks highly and/or confusingly similar to the MILWAUKEE Trademarks, to create and sell counterfeit and infringing products with knowledge of Milwaukee Tool's rights in the foregoing trademarks.

62.    Defendant's intentional and willful conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and

Milwaukee Tool, and/or as to Milwaukee Tool's sponsorship or approval of Defendant's goods, services, and/or commercial activities.

63. Defendant's aforesaid conduct constitutes common law unfair competition under New York common law.

64. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Milwaukee Tool to sustain irreparable damage, loss, and injury, and will continue to deceive the public.

65. Milwaukee Tool has no adequate remedy at law.

## COUNT VI
## DILUTION (N.Y. GEN. BUS. LAW § 360-L)

66. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

67. The MILWAUKEE Trademarks are famous and distinctive.

68. Defendant has made commercial use of the MILWAUKEE Trademarks after they became famous.

69. Without Milwaukee Tool's consent, Defendant has used reproductions, counterfeits, copies, and/or imitations of the MILWAUKEE Trademarks in connection with the sale, distribution, offering for sale, and/or advertising of goods and/or services with which use by Defendant are likely to cause confusion or mistake, to deceive as to the source or origin of such goods and services, or to injure Milwaukee Tool's business reputation.

70. Defendant committed these acts with the intent to cause confusion or mistake, or to deceive purchasers and prospective purchasers.

71.     Defendant knowingly facilitated, enabled, or otherwise assisted persons to manufacture, use, distribute, display, or sell goods or services bearing reproductions, counterfeits, copies, or imitations of the MILWAUKEE Trademarks, without Milwaukee Tool's consent.

72.     Defendant's use is likely to cause dilution of the MILWAUKEE Trademarks and to injure Milwaukee Tool's business reputation.

73.     Furthermore, Defendant willfully intended to cause dilution of the MILWAUKEE Trademarks.

74.     Milwaukee Tool has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.  using the Asserted Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product or not authorized by Plaintiff to be sold in connection with Asserted Trademarks;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's Asserted Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. further infringing Plaintiff's Asserted Trademarks and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's Trademarks or any reproductions, counterfeit copies or colorable imitations thereof.

2) Plaintiff further requests that Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through e, above.

3) Plaintiff further seeks entry of an order that, upon Plaintiff's request, any third party receiving notice who is providing, or has provided, services to any of the Defendants, or in connection with any of the ecommerce Internet stores operating under the Defendant Aliases, or other aliases operated by Defendants, including, without limitation, any online marketplace platforms, such as Amazon, or third party payment processors, such as Amazon Pay (collectively and hereinafter ("Third Party Providers"), shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of Infringing Products using the Asserted Trademarks, including any accounts associated with the Defendants;

a.   disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products using the Asserted Trademarks; and

b.   cooperate in Plaintiff's enforcement of any judgment in Plaintiff's favor as provided by the Court.

4)   Plaintiff further requests that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Asserted Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

5)   Alternatively, Plaintiff requests an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every counterfeit use of the Asserted Trademarks.

6)   Plaintiff also seeks an award of its reasonable attorneys' fees and costs.

7)   Plaintiff also seeks an award of any and all other relief that this Court deems just and proper.

-15-

DATED: June 25, 2025

Respectfully submitted,

Neil Diskin
ndiskin@nixonpeabody.com
Diler Cavder
dcavdar@nixonpeabody.com
**NIXON PEABODY LLP**
55 West 46th Street
New York, NY 10036-4120
Tel: (212) 940-3000
Fax: (212) 940-3111

Matthew A. Werber (*Pro Hac Forthcoming*)
mwerber@nixonpeabody.com
Peter Krusiewicz (*Pro Hac Forthcoming*)
pkrusiewicz@nixonpeabody.com
**NIXON PEABODY LLP**
70 W. Madison St., Suite 5200
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

*ATTORNEYS FOR PLAINTIFF*

-15-