UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>                        Plaintiff,<br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No.: 1:25-cv-05294-LAP<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER AND OTHER RELIEF |

## GLOSSARY

| Term | Definition |
|---|---|
| Plaintiff or Milwaukee Tool | Milwaukee Electric Tool Corporation |
| Defendants | The Defendants identified in Schedule A attached hereto |
| Third-Party Marketplace Platform(s) | Amazon.com and Walmart.com |
| Third-Party Financial Provider(s) | Third-party providers associated with or used by Defendants to, among other things, hold funds for Defendants or Defendants' storefronts, including, but not limited to, eBay, Walmart.com, Amazon.com, Airwallex, Skyee, Ping Pong, Payoneer, Amazon Pay, PayPal, iPayLinks, LianLian Pay, Cogolinks and Stripe |
| MILWAUKEE Trademarks | Registered trademarks submitted as Ex. 1 to the Complaint, which include, among others, those at U.S. Reg. Nos. 2624843, 4203258, 4251303, 4400602, 4407484, 4580441, 4649514, 5071525, 5203630 and 6984079. |

Plaintiff Milwaukee Tool has filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order and Other relief against the Defendants identified in Schedule A attached hereto seeking: (1) a temporary restraining order; (2) an order restraining Defendants' assets; (3) an order to show cause why a preliminary injunction should not issue; (4) an order authorizing expedited discovery; and (5) an order authorizing bifurcated and alternative service by electronic means. Having reviewed the memorandum of law and supporting evidence, the Court, in the absence of adversarial presentation, makes the following findings of fact and conclusions of law:

### Preliminary Factual Findings and Conclusions of Law

1.   Plaintiff manufactures power tools, hand tools, batteries and accessories under leading brands, including, among others, MILWAUKEE, M12, M18, FUEL and REDLITHIUM.

2.   Plaintiff owns, uses and maintains the MILWAUKEE Trademarks for its leading brands, which include those listed below:

| U.S. Reg. No. | Trademark | International Class |
|---|---|---|
| 2624843 | MILWAUKEE | IC 007 |
| 4203258 | M18 | IC 009 |
| 4251303 | FUEL | IC 007 |
| 4400602 | M12 | IC 007 |
| 4407484 | M12 | IC 009 |
| 4580441 | M18 | IC 007 |
| 4649514 | FUEL | IC 009 |
| 5071525 |  | IC 009 |
| 5203630 | MILWAUKEE | IC 009 |
| 6984079 | REDLITHIUM | IC 009 |

3.   Defendants are not authorized to use the MILWAUKEE Trademarks.

4.   Defendants in their promotion, advertising and/or marketing, have offered for sale and sold products bearing marks that are identical to, substantially indistinguishable from, and/or confusingly similar to the MILWAUKEE Trademarks (the "Infringing Products").

2

5.      Plaintiff has provided a basis to conclude that this Court has personal jurisdiction over Defendants. For example, Plaintiff has presented screenshot evidence that each Defendant has reached out to do business with New York residents by operating storefronts on Third-Party Marketplace Platform(s), such as Amazon.com and Walmart.com, under the cover of aliases, through which consumers have placed orders for Infringing Products to be shipped to New York addresses in this District.

6.      Plaintiff is likely to succeed on its trademark infringement claims.

7.      Plaintiff is likely to suffer irreparable harm unless Plaintiff's application for *ex parte* relief is granted.

8.      Plaintiff has provided a basis to conclude that if Plaintiff proceeds on notice to Defendants, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing storefronts, transfer storefront information, and/or open a new storefronts through which Defendants can infringe under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

9.      Sufficient cause has been shown to order a prejudgment asset restraint pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief.

10.     Plaintiff has also shown good cause for an order authorizing expedited discovery bifurcated and alternative service by electronic means.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Motion is hereby GRANTED and it is ORDERED as follows:

### I. Temporary Restraining Order

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

   a. using the MILWAUKEE Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Milwaukee Tool product or not authorized by Plaintiff to be sold in connection with the MILWAUKEE Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Milwaukee Tool Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the MILWAUKEE Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the

MILWAUKEE Trademarks, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon receipt of service of this Order, all Third-Party Marketplace Platform(s) shall disable and cease displaying any product listings or advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the MILWAUKEE Trademarks.

## II. Order Restraining Assets

4. All Third-Party Marketplace Platform(s) and Third-Party Financial Provider(s) shall, within five (5) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants, including, but not limited to, any financial accounts connected to the information listed in Schedule A attached hereto and, any e-mail addresses provided for Defendants by the Third-Party Marketplace Platform(s);

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court or until the Order expires, whichever occurs earlier; and

   c. provide written confirmation of such attachment to Plaintiff's counsel along with an identification of the balance of the account(s) restrain, enjoin and/or attached.

## III. Security Bond

5. Within seven (14) calendar days of entry of this Order, Plaintiff shall deposit with the Court ten-thousand dollars ($10,000), either cash, check (certified, cashier's, or law firm check)

or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

### IV. Order to Show Cause Why a Preliminary Injunction Should Not Issue and Order of Notice

6.  Defendants are hereby ORDERED to show cause before this Court in Courtroom 12A of the United States District Court for the Southern District of New York at 500 Pearl Street/~~40 Foley Square~~, New York, New York on July 24, 2025 at 12:00 p.m. ~~or at such other time that this Court deems appropriate,~~ why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

7.  IT IS FURTHER ORDERED that opposition papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel via email at mwerber@nixonpeabody.com and ndiskin@nixonpeabody.com on or before July 22, 2025 at 5:00 p.m. Plaintiff shall file any reply papers on or before July 24, 2025, at 9:02 a.m.

8.  IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### V. Expedited Discovery

9.  Within five (5) calendar days of receipt of service of this Order, all Third-Party Marketplace Platform(s) shall provide Plaintiff's counsel a summary report identifying any and all of Defendants' merchant accounts and storefronts, contact information for

6

Defendants (including, but not limited to, business names, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

10. Within fourteen (14) days of receipt of service of this Order, all Third-Party Marketplace Platform(s) and Third-Party Financial Provider(s) shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' accounts and storefronts, including, but not limited to, documents and records relating to:

   a. any and all related accounts, storefronts and account details, including, without limitation, identifying information and account numbers that Defendants have ever had and/or currently maintain that were not previously provided pursuant to the paragraph above;

   b. identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to the paragraph above; and

   c. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and payouts, and any and all financial information, including, but not limited to, account balances, a full accounting of Defendants' sales history and listing history under such accounts, the identity of all financial institutions associated with Defendants' accounts and storefronts.

11. Within fourteen (14) days of receipt of service of this Order, Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment and receipt of payment and financial information, including, without limitation, identifying information associated with the storefronts and accounts; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions.

### VI. Order Authorizing Bifurcated and Alternative Service by Electronic Means

12. Pursuant to Fed. R. Civ. P. 4(f), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means: delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a webpage maintained by Plaintiff's counsel dedicated to this lawsuit where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Motion seeking this Order to Defendants' e-mail addresses, as identified by the Third-Party Marketplace Platform(s).

13. Alternative service by electronic means ordered herein shall be deemed effective as to Defendants and Third-Party Marketplace Platform(s) and Third-Party Financial Provider(s) throughout the pendency of this action.

14. Alternative service by electronic means ordered herein shall be made within three (3) days of the Third-Party Marketplace Platform(s) compliance with Paragraph 9 of this Order.

15. The Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

16. Service may be made and shall be deemed effective as to the Third-Party Marketplace Platform(s) if it is completed by the below means:

   a. Delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com Corporation Service Company 300 Deschutes Way SW Ste 208 MC-CSC1, Tumwater, WA, 98501; (ii) a PDF copy of this Order via electronic mail to tro-notices@amazon.com; or (iii) a link to a secure website where Amazon.com will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com.

   b. Delivery of: (i) a PDF copy of this Order to trolegalcomms@walmartlegal.com; or (iii) a link to a secure website where Walmart.com will be able to download a PDF copy of this Order via elec-tronic mail to trolegalcomms@walmartlegal.com.

Dated: 7/10/25
New York, NY

SO ORDERED:

*Loretta A. Preska*
Hon. Loretta A. Preska, U.S.D.J.

9

**SCHEDULE A**
(sealed)