UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| MILWAUKEE ELECTRIC TOOL CORPORATION, | |
|---|---|
| Plaintiff, | Case No.: 1:25-cv-05294-LAP |
| v. | [~~PROPOSED~~] DEFAULT JUDGMENT ORDER |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | |
| Defendants. | |

## GLOSSARY

| Term | Definition |
|---|---|
| Plaintiff or Milwaukee Tool | Milwaukee Electric Tool Corporation |
| Defaulting Defendants | The Defendants identified on Schedule A attached hereto |
| Third-Party Marketplace Platform(s) | Amazon.com, Walmart.com, eBay.com and Temu.com |
| Third-Party Financial Provider(s) | Third-party providers associated with or used by Defendants to, among other things, hold funds for Defendants or Defendants' storefronts, including, but not limited to, eBay, Walmart.com, Amazon.com, Temu.com, Airwallex, Skyee, Ping Pong, Payoneer, Amazon Pay, PayPal, iPayLinks, LianLian Pay, Cogolinks and Stripe |
| Merchant Storefronts | Online storefronts operated by Defaulting Defendants, including, but not limited to, those identified in Schedule A |
| MILWAUKEE Trademarks | The following registered trademarks: <table><tr><th>U.S. Reg. No.</th><th>Trademark</th><th>International Class</th></tr><tr><td>2624843</td><td>MILWAUKEE</td><td>IC 007</td></tr><tr><td>4203258</td><td>M18</td><td>IC 009</td></tr><tr><td>4251303</td><td>FUEL</td><td>IC 007</td></tr><tr><td>4400602</td><td>M12</td><td>IC 007</td></tr><tr><td>4407484</td><td>M12</td><td>IC 009</td></tr><tr><td>4580441</td><td>M18</td><td>IC 007</td></tr><tr><td>4649514</td><td>FUEL</td><td>IC 009</td></tr></table> |

|  | 5071525 |  | IC 009 |
|---|---|---|---|
|  | 5203630 | MILWAUKEE | IC 009 |
|  | 6984079 | REDLITHIUM | IC 009 |
| Infringing Products | Products Defaulting Defendants have manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported in connection with Defaulting Defendants' unauthorized uses of the MILWAUKEE Trademarks | | |

# [~~PROPOSED~~] DEFAULT JUDGMENT ORDER

Plaintiff Milwaukee Electric Tool Corporation has commenced this matter against the Defaulting Defendants in Schedule A, among others, and filed a Motion for Entry of Default and Default Judgment against the Defaulting Defendants.

Plaintiff properly completed service of process on Defaulting Defendants. None of the Defaulting Defendants have answered or appeared in any way, and the time for answering has expired.

The Court, having considered the Memorandum of Law and supporting declaration, the Clerk having issued a Certificate of Default stating that Defaulting Defendants have not filed an answer or otherwise moved with respect to the Complaint, and upon all other pleadings and papers on file in this action, it is hereby ORDERED as follows:

## I. Defaulting Defendants' Liability

1. The Court has entered a Preliminary Injunction against the Defaulting Defendants relating to their unauthorized uses of the MILWAUKEE Trademarks in violation of the Lanham Act. Defaulting Defendants have not answered or appeared in any way, and the time for answering has expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted. Therefore, judgment is granted in favor of Plaintiff and against Defaulting Defendants on Counts I and II of the Complaint (Trademark Infringement and Counterfeiting and False Designation of Origin).

## II. Damages Award

2. Pursuant to 15 U.S.C. § 1117, Plaintiff is awarded statutory damages in the amount of one-hundred-thousand dollars ($100,000) against each of the Defaulting Defendants. This award shall apply to each Defaulting Defendant only once.

### III. Permanent Injunction

3. IT IS FURTHER ORDERED that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   a. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products or any other products bearing the MILWAUKEE Trademarks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the MILWAUKEE Trademarks:

   b. operation of Defaulting Defendants' user accounts and Merchant Storefronts, including in violation of this Order;

   c. directly or indirectly infringing in any manner Plaintiff's MILWAUKEE Trademarks;

   d. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's MILWAUKEE Trademarks to identify any goods or services not authorized by Plaintiff;

   e. using Plaintiff's MILWAUKEE Trademarks or any other marks that are confusingly similar to the MILWAUKEE Trademarks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

   f. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the

      trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

  g. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their user accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products; and

  h. effecting assignments or transfers or forming new entities, associations or accounts for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order or satisfaction of the Court's judgment award.

4.   IT IS FURTHER ORDERED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third-Party Marketplace Platform(s) and Third-Party Financial Provider(s) who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

  a. operation of Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' user accounts and Merchant Storefronts in a manner inconsistent with, or violates, this Order; and

    b. knowingly instructing, aiding, or abetting any other person or business entity to engage in any of the activities referred to in the Permanent Injunction set forth above.

5. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Marketplace Platform(s), shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the MILWAUKEE Trademarks.

### IV. Dissolution of Rule 62(a) Stay

6. IS FURTHER ORDERED that, to the extent applicable, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V. Release and Transfer

7. Any Third-Party Marketplace Platform(s) or Third-Party Financial Provider(s) holding monies or accounts for Defaulting Defendants shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Merchant Storefronts from transferring or disposing of any funds (up to the statutory damages awarded above) or other of Defaulting Defendants' assets.

8. All monies (up to the amount of the above-identified damages award) in Defaulting Defendants' financial accounts, including monies held by Third-Party Marketplace Platform(s) or Third-Party Financial Provider(s), are hereby released and transferred to Plaintiff as partial payment until the above-identified damages award is satisfied. Third-Party Marketplace Platform(s) or Third-Party Financial Provider(s) are ordered to release

and transfer to Plaintiff these amounts within fourteen (14) calendar days of receipt of this Order.

### VI. Service On Third-Party Marketplace Platforms

9. Service may be made and shall be deemed effective as to the third-party Amazon.com by delivery of a PDF copy of this Order via electronic mail to tro-notices@amazon.com.

10. Service may be made and shall be deemed effective as to the third-party Walmart.com by delivery of a PDF copy of this Order via electronic mail to trolegalcomms@walmartlegal.com.

### VII. Miscellaneous Relief

11. Defaulting Defendants may, upon proper showing and five (5) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order.

12. Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property.

13. The ten-thousand-dollar ($10,000) surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Nixon Peabody LLP. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel, Nixon Peabody LLP, 55 West 46th Street, New York, NY 10036-4120.

14. This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

This is a Final Judgment.

Dated: 10/8/25

New York, NY

SO ORDERED:

*[signature: Loretta A. Preska]*

Hon. Loretta A. Preska, U.S.D.J.

## SCHEDULE A
### (Defaulting Defendants)

| No | Seller Name | Store URL |
|----|-------------|-----------|
| 2 | lixiastore | https://www.amazon.com/gp/help/seller/at-a-glance.html/ref=dp_merchant_link?ie=UTF8&seller=A3ICT52OXNUDEJ&asin=B0F33BFK3Q&ref_=dp_merchant_link |
| 5 | Circle88 | https://www.amazon.com/sp?ie=UTF8&seller=AWVBECH28GCF3&asin=B089KCC3ZH&ref_=dp_merchant_link&isAmazonFullled=1%201 |
| 11 | fyyl-us | https://www.amazon.com/gp/help/seller/at-a-glance.html/ref=dp_merchant_link?ie=UTF8&seller=A1QSOWN8KL7I97&asin=B0DXPY86P3&ref_=dp_merchant_link |
| 20 | Lethitrang | https://www.amazon.com/sp?ie=UTF8&seller=A1JESG7J1R98F5&asin=B0DYNPDQ54&ref_=dp_merchant_link |
| 39 | UNIVERSAL-TOOLS | https://www.amazon.com/sp?ie=UTF8&seller=A3RK9GWPZJPXFD&asin=B0CN2MP9D3&ref_=dp_merchant_link |
| 42 | ~~WURIQIANG~~ | ~~https://www.amazon.com/gp/help/seller/at-a-glance.html/ref=dp_merchant_link?ie=UTF8&seller=A2M1EUHYJ1WXOE&asin=B0DST9S7B6&ref_=dp_merchant_link~~ |
| 47 | PENGQIAN | https://www.walmart.com/global/seller/102520885 |

